**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Steven Wade,<br><br>          Plaintiff(s),<br><br>vs.<br><br>C and S Company Inc.,<br><br>          Defendant(s). | 2:24-cv-01561-RFB-MDC<br><br>**ORDER GRANTING AND DENYING IN PART STIPULATION REGARDING DISCOVERY DISPUTE (ECF NO. 36)** |

The Court has reviewed the parties' *Stipulation Regarding Discovery Dispute (ECF No. 36)*("Dispute Stipulation") in which plaintiff seeks an order compelling defendant to respond to plaintiff's Second Request for Production Requests Nos. 35, 36, 37, and 38.  These requests seek documents concerning various payroll records of other employees of defendant, which plaintiff limits to Journeyman Electrician and Electrician Foreman positions.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…."  See FRCP 26(b)(1).  However, the "court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Among other things, the Court considers the proportionality of discovery by weighing: "[1] the importance of the issues at stake in action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." See FRCP 26(b)(1).  Moreover, the Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." See FRCP 1.

By his complaint *(ECF No. 1)*, plaintiff claims that defendant avoided paying plaintiff his overtime rate by paying plaintiff two separate checks for the same pay period, one pay was for "shop"

hours and the other for his work as an electrician.  Complaint at ¶¶15-18 and Causes of Action Nos. 1-3, 6, 7.  His remaining causes of action 4 and 5, allege that defendants failed to reimburse plaintiff with his costs associated with objecting a journeyman license.

Defendant claims that the discovery sought is not relevant or proportional.  Defendant argues that the only relevant pay rates for "shop time" are what is established in defendant's handbook, while the only relevant pay rates for job-site time are established by the Office of the Commissioner.  Plaintiff claims that (a) he has never seen the handbook; (b) defendant has not produced any evidence showing that plaintiff was given the handbook; and (c) that defendant does not actually pay their employees according to its handbook rates.  While defendant states that it disagrees with plaintiff's assertions, defendant did not articulate or support its disagreement in its position statement of the Dispute Stipulation. The party resisting discovery bears "the heavy burden of showing why discovery should be denied." *Daisy Tr. v. JP Morgan Chase Bank.*, 2017 WL 3037427, at *2 (D. Nev. July 18, 2017)(citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). To meet that burden, the party opposing discovery must specifically detail the reasons for why discovery is objectionable and should be denied.  *Linksmart Wireless Tech.*, 2021 WL 933240, at *1.  Such party "may not rely on boilerplate, generalized, conclusory, or speculative arguments." *Id.* (citing *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013)). "General objections are not useful to the court ruling on a discovery motion." *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984).  Meanwhile, plaintiff did not dispute that pay rates for job-site time are established by the Office of the Commissioner.

Accordingly, the **DISPUTE STIPULATION** is **GRANTED in PART and DENIED in Part** as follows:

(1).    Plaintiff's request to compel defendant to respond to Request for Productions Nos. 35 and 37 is **GRANTED**.   Defendant shall respond to plaintiff's Request for Productions Nos. 35 and 37

by **June 30, 2025.**

    (2).    Plaintiff's request to compel defendant to respond to Request for Productions Nos. 36 and 38 is **DENIED**.

IT IS SO ORDERED.

Date: May 30, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge